BEA, Circuit Judge,
dissenting:
In my view, the officers had probable cause to believe that Raymond and Daniel intended to steal the mattress. A nurse told the officers that the brothers had taken the mattress without waiting for her to confirm that they had the rental company’s permission to do so. Moreover, the rental agreement—which Daniel declared he showed to the officers—stated that “[the] customer shall not, in any way, attempt to transfer [the] equipment to a location other than the customer’s address or residence as noted on this invoice without [the] explicit approval of [the rental company].” The address noted on the invoice for Waly Nichols was the address of the rehabilitation center where she had been staying; thus, the terms of the rental agreement prohibited removing the mattress from that location. Taken together, these facts were “sufficient for a reasonably prudent person to believe that [the brothers] ha[d] committed a crime,” Reed v. Lieurance, 863 F.3d 1196, 1205 (9th Cir. 2017) (citation omitted), to wit: taking the $2,000 mattress without the required “explicit approval” of the owner, in violation of the written lease agreement, and not taking any steps to prove such “explicit approval.”
True, Raymond and Daniel told the officers that they had the rental company’s permission to take the mattress. But given that the nurse had told the officers that she hadn’t yet got that approval and that a second mattress was being delivered to Waly’s house that day, the officers reasonably could have found the brothers’ story to be not credible. Likewise, the fact that *294 Daniel returned with the mattress after he learned that Raymond had been arrested has no bearing on whether the brothers had the specific intent to steal the mattress at the time of the alleged theft. A thiefs decision to return stolen property does not negate his prior intent to steal.
I would affirm the district court’s grant of summary judgment for the officers.